IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

vs.                                    Criminal No. 2:09-00251

PARAMENA J. SHIKANDA.

## REPLY OF DEFENDANT SHIKANDA TO RESPONSE OF THE UNITED STATES TO THE DEFENDANT'S MOTION TO DISMISS COUNT EIGHT OF THE INDICTMENT FOR LACK OF VENUE

Now comes the Defendant Paramena Joseph Shikanda in reply to the Response of the Government to the Defendant's Motion to Dismiss Count Eight of the Indictment in this case for lack of venue.

In the Government's response, the Government correctly states the standard for venue in this money laundering case when on page 10 the Government states: "venue on Count Eight lies in West Virginia if the underlying crime was committed in West Virginia and defendant Shikanda participated in transferring the proceeds to Minnesota, or if acts in furtherance of the [money laundering] conspiracy were committed in West Virginia." [Emphasis added.]

With regard to the first prong, nothing in Count Eight of the indictment or

in any of the voluminous discovery reviewed by defense counsel indicates that in any way that Defendant Shikanda participated in transferring proceeds to Minnesota.   The underlying crime, that is mail fraud and wire fraud was, of course, committed in West Virginia. Therefore, under the first prong of this standard there is no venue in the Southern District of West Virginia.

With regard to the second prong, that being whether acts in furtherance of the money laundering conspiracy were committed in West Virginia, likewise the indictment does not allege any specific acts in furtherance of the money laundering conspiracy that took place in West Virginia, and additionally, nothing whatsoever in any of the discovery produced by the Government indicates that the Defendant Shikinda, or an alleged co-conspirator with Defendant Shikanda in the money laundering conspiracy, did anything in West Virginia.

It is important that the Court distinguish between the underlying conspiracy to commit mail or wire fraud and the conspiracy to commit money laundering in Count Eight.  While it may be true that acts in furtherance of the wire and mail fraud conspiracy were committed in West Virginia, and while it may be true that some of those acts were committed by individuals who were

2

also involved in the money laundering conspiracy in Minnesota, it is not true that any of the acts committed in West Virginia were in furtherance of the money laundering conspiracy.   They were rather in furtherance of the underlying conspiracy.   It is possible that one or more individuals may have participated in both the money laundering conspiracy and the underlying mail and wire fraud conspiracy.   It is also possible for an individual to have participated in the wire and mail fraud conspiracy without participating in the money laundering conspiracy, or to have participated in the money laundering conspiracy without having participated in the underlying conspiracy.

Defendant Shikanda does not dispute that there may be one or more persons who participated in both conspiracies, simply that any action taken by an individual who was involved in the money laundering conspiracy that took place in West Virginia was not in furtherance of money laundering, but rather were in furtherance of the separate underlying conspiracy.   The Government in charging this case acknowledges that there are two separate conspiracies.   Count One alleges an underlying conspiracy to committed fraud, and Count Eight, a separate conspiracy to commit money laundering.   It is not sufficient for the Government to show that an individual involved in the money laundering

3

conspiracy took actions in West Virginia to further the wire and mail fraud conspiracy in order to establish venue for Defendant Shikanda in West Virginia. Rather, the Government must show that one of the conspirators in the money laundering conspiracy took actions in West Virginia to further the money laundering, separate and apart from furthering the underlying mail and wire fraud. The Government alleges that Angela Chegge-Kraszeski participated in both the money laundering and the underlying conspiracies. This may well be true. However, any actions that she took in West Virginia were independently in furtherance of the mail/wire fraud conspiracy and not in furtherance of the mail fraud conspiracy.

Discovery produced to the Defendant in this case indicates that Defendant Shikanda had no possible knowledge or connection with the plot to steal the money as alleged in the underlying conspiracy, or for that matter, in the money laundering conspiracy before March 26, 2009 when Angela Chegge-Kraszeski allegedly first met the Defendant Shikanda in Minnesota. All of the discovery produced by the Government to the Defendant indicates and alleges that Defendant Shikanda went to a TCF Bank branch in Minnesota on or about March 26, March 30, and April 1, 2009 and allegedly introduced other alleged

4

conspirators to a woman he knew who worked at the bank. So far as undersigned counsel can determine, this represents the totality of the Defendant Shikanda's alleged involvement.

The evidence against Defendant Shikanda when viewed in the light most favorable to the Government may support the allegation that the Defendant Shikanda was part of the conspiracy to transfer money from Minnesota to Kenya. However, it does not support that he was in any way involved in the theft of the money as alleged in Counts One through Seven of the indictment, as a conspirator or otherwise.

Furthermore and more importantly, there is nothing in the discovery produced to the Defendant that indicates that the conspiracy to launder money which took place in Minnesota involved anything other than a conspiracy to transfer the money from Minnesota to Kenya. In fact, the discovery indicates that when Defendant Shikanda first became involved in these matters on March 26, 2009, the bank account had already been opened in Minnesota and money already transferred to that bank account. Any action of Defendant Shikanda or anyone else in furtherance of the money laundering conspiracy, that is the transfer of money from Minnesota to Kenya, is separate and independent from

the participation of anyone in the conspiracy to steal the money.   There may be

some individuals who were participating in both conspiracies, and in that sense,

they are overlapping conspiracies.  However, the actions of any individuals who

were involved in both conspiracies were either in furtherance of the theft of the

money or they were in furtherance of the money laundering of the money.

In order to save its position, the Government in its response essentially

alleges that the money laundering conspiracy and the conspiracy to commit

mail/wire fraud were really the same conspiracy, that is one big conspiracy and

that all the acts of fraud necessary to illegally obtain the money were also in

furtherance of money laundering, and therefore, anyone involved in the money

laundering conspiracy would automatically be implicated in the fraud

conspiracy, and accordingly, venue would be proper in West Virginia.  The

money laundering conspiracy and the fraud conspiracy, however, are separate

independent conspiracies with separate objects.  A person may participate in one

and not the other.  The founders of this country in the Constitution provided in

Article III, Section 2 of the Constitution that the trial of all crimes shall be held in

the State where the crimes shall have been committed and in the Sixth

Amendment that accused shall enjoy the right to a trial in the state and district

6

wherein the crime shall be committed.  Therefore, there is nothing that Congress

can do or the Government can do to limit or narrow that constitutional right.

Therefore, the simple question before the Court is whether the money

laundering conspiracy to transfer money from Minnesota to Kenya in which the

Defendant Shikanda is alleged to have been a member took place in part in West

Virginia or whether the criminal acts that took place in West Virginia were not

part of the money laundering conspiracy, but rather, part of the mail and wire

fraud conspiracy.

In the view of Defendant Shikanda, whether guilty or not guilty, he may

be prosecuted for the alleged money laundering that involved a transfer of

money from Minnesota to Kenya in Federal Court in Minnesota, however, he

cannot be prosecuted for this money laundering in West Virginia where the

underlying crime took place, but not the money laundering.

It is not enough for the Government to say that the underlying conspiracy

was part of the money laundering conspiracy, since as a matter of law, they have

separate objects and are separate conspiracies.  It is also not sufficient for the

Government to argue that without the underlying conspiracy, there would have

been no money to launder.   In order for there to be venue, the Government

7

must show that acts in furtherance of the conspiracy to launder money by transferring it from Minnesota to Kenya took place in West Virginia, which based upon the discovery in this case, the Government cannot prove.

For all the above reasons, Count Eight of the indictment should be dismissed without prejudice to the Government's right to rebring this count in Minnesota for the reason that there is no venue in the United States District Court for the Southern District of West Virginia.

Respectfully submitted,

/s/ Gary A. Collias
GARY A. COLLIAS
Attorney at Law
122 Capitol Street, Suite 300
P.O. Box 70007
Charleston, WV 25301-0007
Telephone: (304) 344-3652
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

vs.                                    Criminal No. 2:09-00251

PARAMENA J. SHIKANDA.

### CERTIFICATE OF SERVICE

I, hereby certify that on this the 18th day of February, 2010, I filed the foregoing document with the Court, using CM/ECF which will send notification of such filing to the following CM/ECF participants:

> Susan M. Robinson  *(electronically filed)*
> Asst. U. S. Attorney
> U.S. Attorney's Office
> P.O. Box 1713
> Charleston, WV 25326
> *Counsel for Plaintiff*

> /s/ Gary A. Collias
> Gary A. Collias, Esq.
> Attorney at Law
> 122 Capitol St., Suite 300
> P.O. Box 70007
> Charleston, WV 25301-0007
> Telephone: (304) 344-3653
> Fax: (304) 345-3083
> E-mail: gacollias@colliaslaw.com.
> *Counsel for Defendant*